United States District Court
Southern District of Texas
**ENTERED**
March 03, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| AMAZON.COM, INC., a Delaware Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>SPREADYOURADS GMBH, a German limited liability company; OMALA INTERNET SOLUTIONS, LLC, a Texas limited liability company; JOS JONGEJAN, an individual; and MICHAEL OSTERRIEDER, an individual,<br><br>  Defendants. | Case No. 4:20–cv–01920<br><br>STIPULATED FINAL JUDGMENT |

Pursuant to stipulation between plaintiff Amazon.com, Inc. ("Amazon"), and defendants SpreadyourAds GmbH, Omala Internet Solutions, LLC, Michael Osterrieder, and Jos Jongejan, (collectively "Defendants"), Amazon shall have judgment against Defendants as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.  Amazon is the owner of the Amazon Trademarks, which are the subjects of the following United States trademark and service mark registrations:

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| AMAZON | 2,657,226 (Int. Cl. 42)<br>2,738,837 (Int. Cl. 38)<br>2,738,838 (Int. Cl. 39)<br>2,832,943 (Int. Cl. 35)<br>2,857,590 (Int. Cl. 9) |

3

| Mark | Registration No. (International Classes) |
|---|---|
|  | 3,868,195 (Int. Cl. 45)<br>4,171,964 (Int. Cl. 9)<br>4,533,716 (Int. Cl. 2)<br>4,656,529 (Int. Cl. 18)<br>4,907,371 (Int. Cls. 35, 41, 42)<br>5,102,687 (Int. Cl. 18)<br>5,281,455 (Int. Cl. 36) |
| amazon | 4,171,965 (Int. Cl. 9)<br>5,038,752 (Int. Cl. 25) |
| AMAZON.COM | 2,078,496 (Int. Cl. 42)<br>2,167,345 (Int. Cl. 35)<br>2,559,936 (Int. Cl. 35, 36, 42)<br>2,633,281 (Int. Cl. 38)<br>2,837,138 (Int. Cl. 35)<br>2,903,561 (Int. Cls. 18, 28)<br>3,411,872 (Int. Cl. 36)<br>4,608,470 (Int. Cl. 45) |
| ECHO | 5,470,187 (Int. Cls. 9, 42)<br>5,469,992 (Int. Cls. 9, 38, 41, 42) |
| KINDLE | 3,694,267 (Int. Cls. 9, 38, 41)<br>4,289,293 (Int. Cl. 45)<br>4,380,471 (Int. Cls. 9, 35, 42)<br>4,932,736 (Int. Cls. 9, 35, 38, 41, 42, 45)<br>5,054,865 (Int. Cl. 36)<br>5,146,885 (Int. Cl. 37) |
| PRIME | 5,218,535 (Int. Cl. 35)<br>5,489,315 (Int. Cl. 42)<br>5,218,536 (Int. Cl. 41) |

2. Each of the registrations identified above are valid and subsisting and, in many cases, incontestable within the meaning of 15 U.S.C. § 1065.

3. The Amazon Trademarks became famous, distinctive and well-known symbols of Amazon prior to the events alleged in the Complaint filed in this litigation.

4. The Parties, by and through their respective attorneys of record, expressly stated to the Court that each party has compromised and settled on all claims and causes of action which were or could have been asserted by and between said parties.

## **ORDER**

Judgment shall be entered in favor of plaintiff Amazon, and against Defendants, on Amazon's First, Second, and Third Causes of Action. Pursuant to said judgment, IT IS HEREBY ORDERED that Defendants SpreadyourAds GmbH and Omala Internet Solutions, LLC, and their directors, principals, officers, employees, shareholders, agents, successors, assigns, and all others in active concert or participation with them; along with Defendants Michael Osterrieder and Jos Jongejan, and their agents, representatives, trustees, marital communities, associations, and each of their predecessors, successors, and assigns, and other representatives, are collectively enjoined and restrained from:

1. Using the Amazon Trademarks, or any other trademarks registered by or otherwise associated with Amazon and its past, present and future parents, subsidiaries, affiliates, divisions, owners, principals, members, partners, equity holders, and each of their predecessors, successors, and assigns, and other representatives (the "Amazon Parties"), or any simulation, reproduction, counterfeit, copy, or colorable imitation of the them, in any manner in connection with any advertising, marketing, offer for sale, promotion, display, publication, website, voicemail, email, or software;

2. Using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any website, voicemail, email, advertising, or other marketing materials has been produced, distributed, displayed, licensed, sponsored, approved or authorized by or for Amazon, when such is not true in fact;

3. Engaging in any other activity constituting an infringement or dilution of any of the Amazon Trademarks, or of the Amazon Parties' rights in, or right to use or to exploit, such trademarks or services marks; and

4. Knowingly assisting any other person or business entity in engaging in or performing any of the activities listed above.

The Court shall retain continuing jurisdiction over this matter for the limited purposes of enforcing the terms of the Parties' settlement agreement and this stipulated permanent injunction.

DATED THIS __3rd__ day of __March__, 2021.

*Chas R Eshridge I*
The Honorable Charles Eskridge
UNITED STATES DISTRICT JUDGE